UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Edward Gibbs

   v.                                         Civil No. 11-cv-97-JD
                                               Opinion No. 2011 DNH 093

United States of America


O R D E R

Edward Gibbs pled guilty to robbing a bank in violation of 18 U.S.C. § 2113(a).  At sentencing, Gibbs's counsel argued, among other things, that Gibbs's prior assault and battery misdemeanor convictions in Massachusetts, which caused Gibbs to be categorized as a career offender under the United States Sentencing Guidelines, resulted in an unreasonably long sentence.[1]  Noting Gibbs's long criminal history, recidivism, and the seriousness of his crime, the court did not grant Gibbs a downward departure or a sentence below the Guidelines range. Gibbs was sentenced to 155 months, which was affirmed on appeal.

Gibbs, now proceeding pro se, has filed a motion for relief from his sentence pursuant to 28 U.S.C. § 2255.  In support, Gibbs argues that the standard applicable to career offender status has been changed by Johnson v. United States, 130 S. Ct.

---

[1] See U.S.S.G. § 4B1.1.

1265 (2010), and that if he were sentenced today, he would not qualify as a career offender, which would reduce his sentence. The government concedes that under Johnson Gibbs would not qualify as a career offender but argues that Gibbs procedurally defaulted the issue and also does not state a claim that is cognizable under § 2255.[2] The court need not decide whether Gibbs's claim is barred by procedural default because Gibbs has not stated a cognizable claim for relief under § 2255.[3]

A prisoner can challenge his sentence under § 2255 on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). The fourth ground, "otherwise subject to collateral attack," is limited "to alleged errors that present 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an

---

[2]The government does not contest the timeliness of Gibbs's motion.

[3]Procedural default in this context raises potentially difficult issues that are better left to a case where a decision is required to resolve the case. See, e.g., Ellis v. United States, 313 F.3d 636, 649 (1st Cir. 2002) (standard for procedural default); Harris v. United States, 757 F. Supp. 2d 1303, 1309-11 (S.D. Fla. 2010) (discussing procedural default in Johnson context).

omission inconsistent with the rudimentary demands of fair procedure.'" Mateo v. United States, 310 F.3d 39, 42 (1st Cir. 2002) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). A motion for relief under § 2255 may be dismissed summarily when the motion is either facially inadequate or, after assuming the truth of the allegations in the motion, the court concludes the allegations are insufficient to state a claim. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); LaFortune v. United States, 2011 WL 2119330, at *2 (D. Mass. May 26, 2011).

In this case, Gibbs does not identify which ground provided in § 2255(a) supports his motion. He contends that the court's calculation of his sentence was wrong because he does not now qualify as a career offender and that he should be resentenced in light of the change in the legal standard. The government contends that Gibbs does not state a claim under § 2255.

Unless another § 2255(a) ground is implicated, an alleged error in applying the Sentencing Guidelines does not provide a cognizable claim absent a complete miscarriage of justice. Welch v. United States, 604 F.3d 408, 412-13 (7th Cir. 2010); King v. United States, 595 F.3d 844, 852 (8th Cir. 2010); Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994). Gibbs does not argue that his sentence is unconstitutional or that the court lacked jurisdiction. The maximum statutory sentence for bank

robbery is twenty years, 240 months, and therefore Gibbs's sentence of 155 months is well within the statutory maximum. 18 U.S.C. § 2113(a).

Because Gibbs's sentence is within the statutory maximum and is reasonable based on his criminal history, recidivism, and the seriousness of his crime, Gibbs has not shown that his sentence constitutes a miscarriage of justice.[4] Therefore, Gibbs does not state a claim under § 2255(a).

A certificate of appealability will only be granted upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Gibbs has not met that standard.

---

[4] The court does not address nor decide an underlying question of whether Johnson can be applied retroactively to post-conviction relief motions.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion seeking relief pursuant to 28 U.S.C. § 2255 (document no. 1) is denied. No certificate of appealability is issued.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                                     /s/ Joseph A. DiClerico, Jr.
                                                                     Joseph A. DiClerico, Jr.
                                                                     United States District Judge

June 9, 2011

cc:   Donald A. Feith, Esquire
      Edward Gibbs #412450-074, pro se